# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2026

Lyle W. Cayce
Clerk

————————

No. 25-10306

————————

Jeremy Allen; Tamara La Salle Allen, *also known as* Tamara La Salle Roberson,

*Plaintiffs—Appellants*,

*versus*

Navy Federal Credit Union,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-949

———————————————————————

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jeremy Allen, Texas prisoner # 765292, and Tamara La Salle Allen, a private civil litigant, seek leave to proceed in forma pauperis (IFP) from the district court's dismissal of their civil action under Federal Rule of Civil Procedure 12(b)(6). Their IFP motion is a challenge to the district court's

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10306

certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

While the Allens raise a plethora of repetitive and often nonsensical claims in their appellate filings, they fail to show that they will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. All other pending motions are DENIED.

Because Jeremy Allen was incarcerated at the time that he filed this complaint and appeal, the district court's dismissal of the complaint for failure to state a claim upon which relief may be granted and this court's dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Jeremy Allen is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).